# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | District Judge Nora Barry Fischer |
| ) | 2:16-cv-01483 |
| PLUM BOROUGH SCHOOL ) | |
| DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently before the Court is the Motion to Redact Plaintiff's Name from Settlement Agreement or Related Documents. (Docket No. 135). Specifically, Plaintiff seeks an Order from this Court articulating the parties' respective responsibilities pertaining to redaction should a third party request a copy of the Settlement Agreement pursuant to the Pennsylvania Right to Know Law, 65 Pa. Stat. § 67.101, *et seq.* ("RTKL"). A status conference was convened on August 18, 2017, to address the matter (Docket No. 136), at which time all parties expressed their positions. Thereafter, lead counsel for the parties submitted a joint status report on August 25, 2018.

The Court observes that § 67.305 of the RTKL creates a presumption that such documents are public records. However, the RTKL enumerates certain exceptions to this presumption. For instance, under § 67.708(b)(1) exempt records include: [1]

> (1) A record, the disclosure of which:
>     (i) would result in the loss of Federal or State funds by an agency or the Commonwealth; or
>     (ii) would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual.

---

[1] Section 67.708(b)(30) exempts a "record identifying the name, home address or date of birth of a child 17 years of age or younger."

Plaintiff argues that the second provision applies, here. To this end, Courts in Pennsylvania have interpreted "personal security" to mean "'freedom from harm, danger, fear or anxiety.'" *Buehl v. Pa. Dep't of Corrections*, 955 A.2d 488, 490 (Pa. Commw. Ct. 2008) (quoting *Travaglia v. Dep't of Corrections*, 699 A.2d 1317, 1322 (Pa. Commw. Ct. 1997)).

However, the threat of harm to personal security must be "[m]ore than mere conjecture." *Commw. of Pa. v. Pennsylvanians for Union Reform, Inc.*, 105 A.3d 61, 66 (Pa. Commw. Ct. 2014). Additionally, courts in this Circuit have recognized that the "'existence of a common law right of access to judicial proceedings is beyond dispute.'" *Haber v. Evans*, 268 F.Supp.2d 507, 510 (E.D. Pa. 2003) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984). Thus, when determining whether or not to grant access to records, Courts must balance a strong public interest favoring disclosure against personal concerns over privacy. *Id.* (citing *United States v. Criden*, 648 F.2d 814, 823 (3d Cir. 1981)). *See also Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, 2013 WL 1336204, at *3 (W.D. Pa. Mar. 29, 2013) (Fischer, J.) ("The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption.").

Yet, where disclosure could work a serious injury, or cause unnecessary or serious pain and embarrassment to parties entitled to protection, privacy concerns will predominate. *Haber*, 268 F.Supp.2d at 510 – 11. Further, this Court is vested with "considerable discretion" when deciding if access to documents and records shall be granted. *Id.* at 510 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The use of redaction in lieu of sealing a document or record may be an appropriate means of safeguarding privacy interests while also allowing access by the public. *Id.* at 512 – 13. Indeed, § 67.706 of the RTKL provides that:

> If an agency determines that a public record, legislative record or financial record contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted. Information which an agency redacts in accordance with this subsection shall be deemed a denial under Chapter 9.

The Court is also mindful of the order issued by Judge Gary Glazer of the Court of Common Pleas of Philadelphia County in the case of *The Pa. State Univ. v. Pa. Mfrs. Assoc'n Ins. Co.*, Case No. 03195, following briefing which this Court has reviewed. There, Judge Glazer granted a Motion to Unseal the Record, but required redaction of personal information.

The parties do not, now, dispute that redaction of Plaintiff's personal identifiers from the Settlement Agreement is the appropriate course of action. The nature of the case, the amount of publicity it has garnered, and Mr. Ruggieri's eventual release from prison clearly pose definite, serious threats to Plaintiff's physical and emotional well-being, and have the potential to cause unnecessary pain and embarrassment to an individual already subjected to victimization. Moreover, as a victim[2], Plaintiff is also protected by § 67.708(b)(16) of the RTKL, which states that the following information is exempt:

> A record of an agency relating to or resulting in a criminal investigation, including:
>
> \*\*\*
> > (v) Victim information, including any information that would jeopardize the safety of the victim.

---

[2] "[I]nformation pertaining to sexual abuse of children is plainly within the category of matters relating to intimate details of sexuality which the Third Circuit has recognized as warranting a privacy interest." *Doe 1 v. Cnty. of Fayette*, 2014 WL 5493814, at *4 (W.D. Pa. Oct. 30, 2014) (Hornak, J.). "Minor children are invariably afforded greater protection of their private information." *Id.* at *3.

*See also Pa. State Police v. Office of Open Records*, 5 A.3d 473, 479 – 80 (Pa. Commw. Ct. 2010) ("The unwanted disclosure of a victim's name may prove to be a second victimization…due to retaliation, the fear of retaliation, stigma, embarrassment, or other reasons."). As such, redaction of Plaintiff's name and personal identifiers will serve not only the purpose of protecting personal security, but will also serve the public interest in allowing scrutiny of the remaining terms of the Settlement Agreement.

The only outstanding issue is the determination of which party shall bear the burden of redacting and defending any future legal challenges to such redaction. Plum Borough School District and the Borough of Plum have expressed their opposition to assuming an indefinite obligation to fight such attacks by parties seeking access. Based upon the representations of the parties[3] at the August 18, 2017, hearing on the present Motion (Docket No. 136), the Court will shift the ultimate burden of defending legal challenges to Plaintiff.[4] Accordingly,

IT IS HEREBY ORDERED that the Motion to Redact Plaintiff's Name from Settlement Agreement or Related Documents (Docket No. [135]) is GRANTED. Prior to disclosure of the Settlement Agreement or any related document pursuant to a request filed under the RTKL, Defendants Plum Borough School District and Borough of Plum shall redact Plaintiff's name and personal identifiers.

---

[3] As stated by Attorney Bracken at the August 18, 2017, hearing before the Court:

> So I think it's highly unlikely that they're going to seek out her name. But with that said, we're willing to bear the burden. And so there's really no reason here. You know, we're willing to step in. We're willing to stop that from happening if they would appeal or take it to Court, you know, with the redacted settlement agreement.

Transcript of Hearing and Oral Argument proceedings recorded on August 18, 2017, *Doe v. Plum Borough Sch. Dist., et al.*, 2:16-cv-01483, at page 51.

[4] Pennsylvania courts have recognized that third parties who are the subjects of a particular record, or whose information is at risk, may appear before a court when a requester has challenged a decision to withhold or redact certain information. *Pa. Dep't of Educ. v. Bagwell*, 131 A.3d 638, 649 – 50 (Pa. Commw. Ct. 2015).

IT IS FURTHER ORDERED that, upon mutual agreement by the parties and lead counsel at the August 18, 2017, hearing, should a third party making a request pursuant to the RTKL initiate legal proceedings to challenge the redactions, Defendants Plum Borough School District and Borough of Plum shall provide notice to Plaintiff of the filing of same. Thereafter, Plaintiff shall bear the burden of mounting a defense to any challenge, as well as the attendant court costs and attorney fees.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: August 30, 2017
cc/ecf: All counsel of record.